**DEBRA A. DiIORIO**
DiIorio & Hall, APC.
California Bar No. 138018
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 544-1451
Facsimile: (619) 544-1473

Attorneys for Defendant **Gonzalez Medrano**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**GABRIEL GONZALEZ MEDRANO,**<br>Defendant | Criminal No. 08-CR-1918-JAH<br><br>Date: July 21, 2008<br>Time: 8:30 a.m.<br><br>**DEFENDANT'S NOTICE OF MOTIONS AND MOTIONS TO:**<br>**1) COMPEL DISCOVERY; AND**<br>**2) GRANT LEAVE TO FILE FURTHER MOTIONS** |

TO: KAREN HEWITT, UNITED STATES ATTORNEY, and
STEWART YOUNG, UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Monday, July 21, 2008 at 8:30 a.m., or as soon thereafter as counsel may be heard, the defendant, Gabriel Gonzalez Andrade. by and through his counsel, Debra Ann DiIorio and the Law Offices of DiIorio & Hall, APC, will move this Court to 1) compel discovery; and 2) grant leave to file further motions.

//

//

//

//

//

//

//

**MOTIONS**

The defendant, Gabriel Gonzalez Medrano, by and through his counsel, Debra Ann DiIorio and the Law Offices of DiIorio & Hall, APC, pursuant to Fed. R. Crim. P. 12, 14, 16 and 26.2; Title 18, United States Code Sections 3500-01 and 3504, and the Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court to 1) compel discovery; 2) and grant leave to file further motions.

These motions are based upon the instant motions, the notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-entitled cause, and any and all other information that may be brought to the Court's attention prior to or during the hearing on these motions.

Respectfully submitted,

Dated: July 14, 2008

*/s/Debra A. DiIorio*
**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
Attorney for Defendant **Gonzalez Medrano**

**DEBRA A. DiIORIO**
DiIorio & Hall, APC.
California Bar No. 138018
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 544-1451
Facsimile: (619) 544-1473

Attorneys for Defendant **Gonzalez Medrano**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**JESUS GONZALEZ MEDRANO,**<br><br>Defendant, | Criminal No. 08-CR-1967-BTM<br><br>Date: July 21, 2008<br>Time: 8:30 a.m.<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government in discovery. Counsel is informed that the government intends to file a superseding information in this case. The facts alleged in these motions, are subject to amplification and/or modification at a future motion hearing; Mr. Gonzalez Medrano reserves the right to take a contrary position at any future hearing as these facts are in no way intended by him as admissions.

On May 18, 2008, at approximately 9:27 p.m., San Diego police officers conducted a traffic stop in the 3600 block of Imperial Avenue in San Diego, California. The driver was later identified as Gabriel Gonzalez Medrano and he apparently did not have a valid California driver's license. In response to questioning, Gonzalez Medrano admitted he had previously been arrested. A subsequent record check revealed that he has been previously deported.

San Diego police contacted the border patrol who requested that Gonzalez Medrano be

detained at the scene. A little over an hour later, two border patrol agents arrived and questioned Mr. Gonzalez Medrano about his immigration status. After Mr. Gonzalez Medrano admitted to having been born in Tijuana and possessing no legal documents to enter into or reside in the United States, he was arrested and transported to the Chula Vista station. Mr. Gonzalez Medrano has no felony convictions and was previously deported to Mexico on December 14, 2007.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Gonzalez Medrano requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4) and 16:

(1) all written and oral statements made by him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Gonzalez Medrano is contained. It also includes the substance of any oral statements, regardless of whether the government intends to introduce such statements at trial. These are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). Mr. Gonzalez Medrano also requests any response to any Miranda warnings which may have been given to him. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2) all documents, statements, agents' reports, and tangible evidence favorable to Mr. Torres on the issue of **guilt or punishment** and/or which affects the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

(3) all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. Mr. Gonzalez Medrano specifically requests reasonable notice pursuant to Fed. R. Evid 404(b) of at least four weeks prior to trial, of any evidence the government intends to introduce at trial under this rule;

(4) all evidence seized as a result of any search, either warrantless or with a warrant, in this case. Mr. Gonzalez Medrano specifically requests copies of all documents and evidence seized from him, and requests copies of all documents, evidence and physical items seized from the vehicle, as well as photographs, fingerprints, videotapes or recordings made in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C);

(5) all arrest reports, investigator's notes, memos from arresting officers, sworn statements and prosecution reports pertaining to Mr. Gonzalez Medrano. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(6) the personnel file of the interviewing agent(s) containing any complaints of assaults, abuse of discretion and authority and/or false arrest. Pitchess v. Superior Court, 11 Cal. 3d. 531, 539 (1974). In addition, the defense requests that the government examine the personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in advance of trial Kyles v. Whitley, 115 S.Ct. 1555 (1955); United States v. Henthorn, 931 F.2d 29, 30-31(9th Cir. 1991). If the prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should be submitted to the Court, in camera. Id. The prosecution should bear in mind that there exists an affirmative duty on the part of the government to examine the files. Id.

(7) Mr. Gonzalez Medrano requests copies of any and all audio/video tape recordings made by the agents in this case and any and all transcripts, including taped recordings of any conversations of any of the agents involved in this case. This evidence is available under Fed. R. Crim. P. 16(a)(1)(C);

(8) Mr. Gonzalez Medrano requests the name and last known business address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(9) all other documents and tangible objects, including photographs, books, papers, documents, photographs, or building or places or copies of portions thereof which are material

to Mr. Gonzalez Medrano' defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Gonzalez Medrano. Rule 16(a)(1)(C);

(10) all results or reports of scientific tests or experiments, or copies of which are within the possession, control, or custody of the government or which are known or become known to the attorney for the government, that are material to the preparation of the defense, including the opinions, analysis and conclusions of experts consulted by law enforcement including finger print specialists in the instant case. These must be disclosed, once a request is made, even though obtained by the government later, pursuant to Fed.R.Crim.Pro. 16(a)(1)(D).

(11) any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, agreement to execute a voluntary return rather than deportation or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax liability. United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United States v. Risken, 788 F. 2d 1361 (8th Cir. 1986); United States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987);

(12) any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed. Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d 1520, 1524 (11th Cir. 1985);

(13) any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady;

(14) any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985); and,

(15) any evidence, including any medical or psychiatric report or evaluation, tending to

show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(16) the name and last known business address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

(17) the name and last known business address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses);

(18) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

(19) Mr. Gonzalez Medrano requests a transcript of the grand jury testimony and rough notes of all witnesses expected to testify at the motion hearing or at trial. This evidence is discoverable under Fed. R. Crim. P. 12(I) and 26 and will be requested.

(20) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests

pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during the pre-trial motions hearings or trial.

**III.**

**GABRIEL GONZALEZ MEDRANO REQUESTS THAT THE COURT GRANT LEAVE TO FILE FURTHER MOTIONS**

Mr. Gonzalez Medrano requests this Court to grant him leave to file further motions after complete discovery has been provided and reviewed by the defense.

**IV.**

**CONCLUSION**

For the foregoing reasons, Mr. Gonzalez Medrano requests that this Court grant the motions stated herein.

Respectfully submitted,

Dated: July 14, 2008

*/s/ Debra A. DiIorio*
**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
Attorney for Defendant **Gonzalez Medrano**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**GABRIEL GONZALEZ MEDRANO**,<br>Defendant, | Criminal No. **08-CR-1918-JAH**<br><br>PROOF OF SERVICE |

I, the undersigned, say:

1. I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party to the within action;

2. My business address is 964 Fifth Ave., Suite 214, San Diego, California 92101;

3. I served the within **MOTION TO COMPEL DISCOVERY, AND FOR LEAVE TO FILE FURTHER MOTIONS** on opposing counsel by e-filing through the CM/ECF system;

I certify under penalty of perjury that the foregoing is true and correct. Executed on July 14, 2008, at San Diego, California.

*/s/ Debra A. DiIorio*
Debra A. DiIorio